**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000454**
**12-MAR-2024**
**07:56 AM**
**Dkt. 56 SO**

NO. CAAP-22-0000454


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


T.H., and on behalf of minor children, Petitioner-Appellant, v.
N.H., Respondent-Appellee.


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3FDA-22-0000696)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Petitioner-Appellant T.H. (**Mother**) appeals from the

Family Court of the Third Circuit's July 18, 2022 "Order

Dissolving Temporary Restraining Order for Protection" (**Order

Dissolving TRO**).[1]  On appeal, Mother argues the family court

---

[1]  The Honorable Kimberly B.M. Taniyama presided.

abused its discretion in dissolving the TRO on Respondent-Appellee N.H.'s (**Father**) res judicata claims.[2]

Upon careful review of the record and the brief submitted by Mother[3] and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

On June 20, 2022, Mother filed a Petition for an Order of Protection against Father on behalf of herself and their three children. In the petition, she detailed five separate

---

[2] Mother raises the following four points on appeal:

1. The family court abused its discretion in dissolving the TRO on Father's "[res judicata] claims, interpreting . . . the requisite element to establish a valid preclusion claim was a dismissal on the merits of a petition submitted for preliminary review and not a fully litigated matter";

2. The family court erred in considering hearsay as part of probable cause determinations for a restraining order related to "family violence" as defined in Hawaiʻi Revised Statutes (**HRS**) § 571-2 (2018) and a "history of sexual or physical abuse of a child by a parent" following HRS § 571-46(b)(1) (2018);

3. The family court erred in expediting the evidentiary hearing, holding it at the same time as the order to show cause hearing, and ignoring the requirement the respondent must provide evidence to support the TRO's dismissal; and

4. The family court erred in denying Mother's "right to submit relevant evidence . . . , which would have established her claims of domestic abuse."

Mother, however, does not provide a discernible argument on her second, third, and fourth points of error. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("[p]oints not argued may be deemed waived"). Thus, we address Mother's first point of error regarding res judicata in this decision.

[3] Father did not file an answering brief. The appellate clerk entered a notice of default of answering brief on September 11, 2023.

incidents of purported abuse, dated April 2017; November 8, 2019; January 2-3, 2021; January 5, 2022; and June 17-18, 2022. Three of the incidents occurred at custodial exchanges, and the other two appear to have occurred during Father's custodial or visitation times with the children.

Father moved to dissolve the TRO as "[t]his is the FOURTH petition for a restraining order Mother has filed in the past year and a half" and the last three petitions "were all rightfully denied." He explained the only new information in Mother's current petition was about the June 2022 incident, which did not occur as Mother described it.

The family court dissolved the TRO finding that the allegations of abuse occurring prior to January 18, 2022 were barred by res judicata. The family court further found the allegations dated June 2022 did "not establish probable cause" to constitute domestic abuse or establish a basis for relief under Hawaiʻi Revised Statutes (**HRS**) Chapter 586.

Res judicata, or claim preclusion "prohibits a party from relitigating a previously adjudicated cause of action" and "limit[s] a litigant to one opportunity to litigate aspects of the case to prevent inconsistent results and multiplicity of suits and to promote finality and judicial economy." Tortorello v. Tortorello, 113 Hawaiʻi 432, 439, 153 P.3d 1117, 1124 (2007)

(quoting Bremer v. Weeks, 104 Hawaiʻi 43, 53, 85 P.3d 150, 160 (2004)).  Further,

> the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning *the same subject matter*, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of *all grounds of claim* and defense *which might have been properly litigated in the first action* but were not litigated or decided.

Id.  And,

> [t]he party asserting claim preclusion has the burden of establishing . . . (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) *the claim decided in the original suit is identical with the one presented in the action in question.*

Tortorello, 113 Hawaiʻi at 439, 153 P.3d at 1124 (quoting Bremer, 104 Hawaiʻi at 54, 85 P.3d at 161).

Claim preclusion "applies to successive HRS Chapter 586 . . . protective order cases filed by the same petitioner against the same respondent where the second case is based on events that occurred, and that the petitioner knew about, prior to the filing of the first petition."  Tortorello v. Tortorello, 112 Hawaiʻi 219, 222, 145 P.3d 762, 765 (App. 2006), aff'd 113 Hawaiʻi 432, 437, 441, 153 P.3d 1117, 1122, 1126 (2007).

In all four petitions, Mother petitioned on behalf of herself and the three children against Father, so the parties were the same.  Except for the June 17-18, 2022 incident (of which Mother does not challenge the family court's decision),

4

the other incidents were raised, and ruled on, in the divorce proceedings and the previous petitions for orders of protection.[4] Thus, under <u>Tortorello</u>, the family court did not err in determining that claim preclusion applied.  <u>See generally</u>, <u>Griffin ex. rel. Griffin v. Davenport</u>, 130 Hawaiʻi 347, 310 P.3d 1048, CAAP-10-0000242, 2012 WL 1138937 at *3-*4 (App. Apr. 5, 2012) (Mem. Op.).

Based on the foregoing, we affirm the family court's July 18, 2022 Order Dissolving TRO.

DATED:  Honolulu, Hawaiʻi, March 12, 2024.

On the brief:                          /s/ Katherine G. Leonard
                                       Acting Chief Judge
Susan Lim Liang,
for Petitioner-Appellant.              /s/ Keith K. Hiraoka
                                       Associate Judge

                                       /s/ Sonja M.P. McCullen
                                       Associate Judge

---

[4]  Without raising it as a separate point of error, Mother argues the divorce proceedings should not be considered for res judicata purposes in the petition for orders of protection.  <u>See</u> HRAP Rule 28(b)(4) (noting "[p]oints not presented in accordance with this section will be disregarded").  Even if we considered this argument, the three previous petitions were filed on January 8, 2021, January 11, 2022, and January 18, 2022, which was after the April 2017 and November 2019 incidents discussed in the divorce proceeding. Thus, the incidents addressed in the divorce proceedings could have been litigated in the previous three petitions.  <u>See generally</u>, <u>Tortorello</u>, 113 Hawaiʻi at 439, 153 P.3d at 1124.